# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**TERRANCE D. DAVISON,**

    Petitioner,

v.                                              **Case No. 3:20cv5627-MCR/MAF**

**STATE OF FLORIDA,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On June 23, 2020, Petitioner Terrance D. Davison, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On December 22, 2020, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 8. Petitioner has filed a reply. ECF No. 9.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed as untimely. *See* Rule 4, R. Gov. § 2254 Cases (authorizing

dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Terrance Davison challenges his conviction and sentence from the First Judicial Circuit, Escambia County, Florida, following a jury trial in case number 2012-CF-1630A. ECF No. 1 at 1-2; Exs. 1 (Verdict), 2 (Judgment and Sentence).[1] In particular, on September 20, 2013, the jury found Davison guilty of aggravated battery with great bodily harm, as charged, also specifically finding that he used a weapon, a violation of sections 784.045(1)(a)1. and 775.087(1), Florida Statutes. Exs. 1, 2. On November 6, 2013, the trial court sentenced him to thirty (30) years in prison as a prison releasee re-offender. Ex. 2.

Davison appealed his conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D13-5594. See Ex. 3. On October 3, 2014, the First DCA affirmed the case with a citation to Hurry v. State, 978 So. 2d 854 (Fla. 1st DCA 2008). Ex. 3. Davison, through counsel, filed a motion for rehearing, which the First DCA denied by order on November 7, 2014. Id. The mandate issued November 25, 2014. Id.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motions to dismiss, ECF No. 8.

Davison evidently did not seek further review in the Florida Supreme Court or the U.S. Supreme Court.

On December 22, 2017, Davison filed in the state trial court a "Petition for Writ of Habeas Corpus for Authorization to a Belated 3.850." Ex. 4. In this filing, Davison alleged he "never received any notice that the District Court had entered an order" in his appeal until he "received the letter from the Public Defender dated January 24, 2017," after his inquiry, informing him that his case had been affirmed in 2014. *Id*. He attached the letter dated January 24, 2017, from the assistant public defender, in which counsel apologized for sending the information "so late," explaining "[i]t simply got overlooked when I closed out your case." *Id*. By order on August 27, 2018, the state trial court authorized Davison to file a belated Rule 3.850 motion within sixty (60) days. Ex. 5.

On December 7, 2018, Davison filed a "Notice of Inquiry" in the state trial court, checking the status of a motion for extension of time he indicated he had filed "on or about October 25, 2018." Ex. 6. On December 17, 2018, the Clerk of Court responded that a motion for extension of time had not been filed and enclosed a copy of the case history. Ex. 7.

On January 14, 2019, Davison filed a Rule 3.850 motion in which he raised five grounds. Ex. 8. In this motion, Davison references a "First Motion

for Extension of Time" and indicates he is unskilled in the law, he relies on assistance from inmate law clerks, and further, he is housed "under Closed Management" and has "extremely limited privileges." *Id*. at 3.

By order rendered May 15, 2019, the state trial court denied relief. Ex. 9. The court found Davison's motion procedurally barred as untimely:

> . . . Defendant failed to file a separate motion for an extension of time to file a rule 3.850 motion. Nonetheless, he references a motion for extension of time in his January 14, 2019, motion and asserts that the grounds raised for an extension are that he is unskilled in the art of juris prudence and therefore relies on inmate law clerks. Defendant alleges he needs more time because he is housed under close management with extremely limited privileges. Because Defendant asserted his grounds for an extension within the January 14, 2019, motion, the Court will consider the issue pursuant to Florida Rule of Criminal Procedure 3.050, which allows a court to enlarge a time period where good cause is shown. If the request is made after the expiration of the period originally prescribed or allowed by previous order, excusable neglect must be shown as well. *Id*.
>
> Inmates in close management have access to the law library "through delivery of research materials to an inmate's cell, and access to visits with certified inmate law clerks." *See* Fla. Admin. Code R. 33-601.800(10)(i). Close management inmates may correspond with the law library and have materials delivered to their cells, and "inmate law clerks shall visit the confinement unit at least once per week." *See* Fla. Admin. Code R. 33-501.301(4)(a). Also, "[i]nmates who must meet deadlines imposed by law, court rule, or court order shall be given priority in the use of the law library and related legal services. However, the inmate shall be responsible for notifying the department of the deadline in a timely manner." *See* Fla. Admin. Code R. 33-501.301(3)(f).

> Defendant fails to show he is being denied the access provided by law, and his status in close management and need for assistance from an inmate law clerk are insufficient grounds to show good cause for an extension of time. *See* Pinestraw v. State, 238 So. 3d 918, 923 (Fla. 1st DCA 2018) (finding delayed access to an inmate law clerk did not constitute good cause for an extension of time); Whittey v. State, 965 So. 2d 362, 363 (Fla. 2d DCA 2007) (finding mere hardship and limited access to the law library did not constitute good cause for an extension of time); Peterson v. State, 746 So. 2d 1208, 1209 (Fla. 1st DCA 1999) (finding administrative confinement did not prevent the petitioner from filing a notice of appeal). To the extent Defendant did not file a motion for extension of time within the 60 day period provided by the previous order, he also fails to meet the more stringent standard of showing excusable neglect. *See* Parker v. State, 907 So. 2d 694, 695 (Fla. 1st DCA 2005). Therefore, Defendant is not entitled to an extension of time under rule 3.050.
>
> Because he failed to file his rule 3.850 motion within the time provided by the order of August 27, 2018, Defendant's motion is untimely. Defendant has failed to establish an exception to excuse the untimeliness of his motion under rule 3.850(b). Defendant raises a claim of fundamental error in "Ground 4" on the fifteenth page of his motion. However, his allegations that the essential elements of the crime were not met are insufficient to excuse the untimeliness of his motion. Instead, Defendant argues the sufficiency of the evidence and his claim of self defense. The Court also notes Defendant's claim of ineffective assistance of appellate counsel is not cognizable in a rule 3.850 motion. Therefore, Defendant's motion is procedurally barred as untimely under rule 3.850.

Ex. 9 at 1-3. The court went on to consider and rule on part of Davison's post-conviction motion as a Rule 3.800(a) motion:

> Within his motion, Defendant raises a challenge to his sentence that the Court will consider under Florida Rule of Criminal Procedure 3.800(a), to the extent he is claiming his sentence is illegal. In "Ground 2" found on the thirteenth page of

> his motion, Defendant claims the trial court erred in reclassifying his conviction from second degree to first degree aggravated battery. He also alleges his prison releasee reoffender (PRR) status was found by the judge and not the jury.
>
> Defendant was charged with and convicted of aggravated battery causing great bodily harm and with a deadly weapon in violation of sections 784.045(1)(a)1 and 775.087(1), Florida Statutes. . . . The jury found him guilty as charged of aggravated battery causing great bodily harm and additionally found he used a weapon. . . . Therefore, Defendant fails to show his offense was illegally reclassified. See Jackson v. State, 44 Fla. L. Weekly D625 (Fla. 4th DCA Mar. 6, 2019); Hurry v. State, 978 So. 2d 854, 854-55 (Fla. 1st DCA 2008).
>
> Defendant was sentenced to 30 years in prison and was adjudicated a PRR under section 775.082(9), Florida Statutes. . . . PRR sentencing requires a finding that the defendant committed the charged offense within three years of release from prison, and the finding need not be made by a jury. See Williams v. State, 143 So. 3d 423, 424 (Fla. 1st DCA 2014). Defendant fails to show his 30 year sentence is illegal.

Ex. 9 at 3-4.

Davison appealed to the First DCA, assigned case number 1D19-2106, and no briefs were filed. Ex. 10; *see* online docket for 1D19-2106 at http://onlinedocketsdca.flcourts.org. On January 22, 2020, the court affirmed the case without a written opinion. Ex. 10. The mandate issued February 19, 2020. Ex. 10. Davison filed a Motion to File a Belated Rehearing on March 16, 2020, *id*. at 4-5, which the First DCA denied by order on April 22, 2020, *id*. at 6.

Case No. 3:20cv5627-MCR/MAF

As indicated above, on June 23, 2020, Davison filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1. Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 8. Petitioner has filed a reply. ECF No. 9.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id*. § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, Davison appealed his conviction and sentence, and on October 3, 2014, the First DCA per curiam affirmed the case, with a citation to Hurry v. State, 978 So. 2d 854 (Fla. 1st DCA 2008). Ex. 3.  Davison, through counsel, filed a motion for rehearing, which the First DCA denied by order on November 7, 2014.  *Id*.  The mandate issued November 25, 2014.  *Id*.  Davison evidently did not seek further review in the Florida Supreme Court or the U.S. Supreme Court.

Davison's conviction became final for federal habeas purposes on February 5, 2015, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court, following the First DCA's denial of his motion for rehearing in his direct appeal.  *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002).  He had one year thereafter, or until February 5, 2016, to file his federal habeas petition, absent tolling activity.  *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v.

McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis). Davison did not file anything on or before February 5, 2016. Therefore, his § 2254 is untimely unless some exception applies.

As indicated above, on December 22, 2017, Davison filed in the state trial court a petition seeking authorization to file a belated Rule 3.850 motion. Ex. 4. In this filing, Davison explained he did not know his direct appeal had been denied until he received a letter from the assistant public defender on January 24, 2017. Id. The state trial court, by order on August 27, 2018, authorized Davison to file a belated Rule 3.850 motion within sixty (60) days. Ex. 5. Davison did not comply with this time requirement, however.

Davison indicates he filed a motion for extension of time "on or about October 25, 2018," Ex. 6, but the trial court has no record of such motion, Ex. 7. On January 14, 2019, Davison filed a Rule 3.850 motion. Ex. 8.

Assuming his AEDPA clock started on January 24, 2017, when he received notification regarding the denial of his direct appeal, he had one year thereafter, or until January 24, 2018, to file his federal habeas petition, absent tolling activity. Under this analysis, his AEDPA clock ran for 331 days until December 22, 2017, when he filed his petition in state court seeking

authorization to file a belated Rule 3.850 motion, and the AEDPA time remained tolled until the deadline for filing his belated Rule 3.850 motion, which was October 26, 2018.

As Respondent points out, the Rule 3.850 motion Davison filed on January 14, 2019, was untimely and, therefore, it was not "properly filed" and did not stop the AEDPA clock. ECF No. 8 at 2; *see* Jones v. Sec'y, Fla. Dep't of Corr., 906 F.3d 1339, 1350 (11th Cir. 2018) (explaining state court found Rule 3.850 motion untimely and "we are required to defer to that ruling" and "[t]hat necessarily means that the motion wasn't 'properly filed,' and thus it didn't toll AEDPA's one-year statute of limitations"); *see also* Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."). Under this view, Davison's AEDPA clock restarted October 27, 2018, the day after the due date for his belated Rule 3.850 motion, and ran for 34 days until it expired on November 29, 2018. Anything Davison filed thereafter could not toll the AEDPA limitations period. *See, e.g.*, Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001),

*cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Accordingly, Davison's § 2254 petition, filed June 23, 2020, is untimely.

Davison appears to recognize his § 2254 petition is untimely and requests the benefit of equitable tolling. *See* ECF No. 1 at 25; ECF No. 9 at 3-7. In particular, in support of his request, Davison asserts the late filing of his Rule 3.850 motion "was not due to the neglect or non-diligence on part of the Petitioner." ECF No. 9 at 3. He asserts, "Both Florida and Federal Courts have repeatedly granted 'equitable tolling' when a court or a defendant does not receive documents that results in a time bar issue." *Id*. He attaches a copy of the motion for extension of time he says he sent to the state post-conviction trial court on October 21, 2018, and thus asserts he "diligently filed a timely motion for enlargement of time," but "through no fault of Petitioner's the Florida Department of Corrections did not process this document for mailing by U.S. Mail." *Id*. at 4; *see id*. at 5-6,10-11.

"[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing equitable tolling and "the allegations supporting equitable tolling must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Petitioner Davison has not met his burden of showing either that he diligently pursued his rights under the AEDPA, or that some extraordinary circumstance kept him from timely filing his § 2254 petition. *See* Hutchinson, 677 F.3d at 1099 (noting that petitioner has burden of establishing right to equitable tolling). Davison attaches to his reply a copy of the motion for extension of time he says he gave to prison officials on October 21, 2018, but it does not have a date stamp by the prison officials, or any documentation other than Davison's own certificate of service, indicating he actually gave it to the officials that day for mailing. ECF No. 9 at 10-11. *See*

Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory).

Assuming, for the sake of argument, the truth of Davison's assertions, allowing him all the benefit of any doubt regarding this motion for extension of time, and maximizing his AEDPA limitations period, his AEDPA clock remained tolled from December 22, 2017, when he filed his petition in state court seeking authorization to file a belated Rule 3.850 motion, until the state appellate court denied his motion to file a belated rehearing on April 22, 2020. Ex. 10. His AEDPA clock then restarted on April 23, 2020, and ran for 34 days until it expired on May 26, 2020. Even under this analysis, Davison's federal habeas petition, filed on June 23, 2020, is untimely.

## Conclusion

The § 2254 petition is untimely. Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 8, be **GRANTED**, and Petitioner Davison's § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion

to dismiss (ECF No. 8) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 18, 2021.

<u>S/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.